## Case No. 6,333.

### The HELEN R. COOPER and The R. L. MABEY.

[2 Ben. 67.] [1]

**District Court, E. D. New York.   Dec., 1867.** [2]

COLLISION—TOW—ICE—GUARANTY.

1. No vessel can lay aside extraordinary care, where the circumstances are extraordinary, without making herself liable for any damage that ensues in consequence.

2. Where a ship was being towed to sea by a single tug, when floating ice made the navigation difficult, and ran into a vessel lying at a pier, which she claimed was caused by the movement of a ferry-boat in suddenly crossing the bows of the tug and causing her to stop, and thus causing the ship to sheer: *Held*, that on the pleadings and proofs that defence was not made out.

3. As it appeared in evidence, that if another tug had been employed the ship could have been controlled, the failure to adopt that precaution was a fault which rendered her liable.

4. The tug, having alleged acts of negligence on the part of the tow as the cause of the collision, of which she gave no evidence, must be *held* liable also. She was negligent in attempting to tow the ship alone under the circumstances.

5. The fact, that before setting out the tug exacted of the ship an agreement to assume all the risk, cannot relieve the tug from liability to an innocent third party.

This was an action brought by the owners of the ship J. F. Chapman against the ship Helen R. Cooper and the tug R. L. Mabey, to recover the sum of $18,500 damages caused by a collision which occurred in the harbor of New York, on the 17th of January, 1866. At the time of the accident, the Chapman was moored at pier 45 in the East river, inside the pier, and while there was run into by the Cooper, then being towed to sea by the Mabey, at the end of a hawser. There was at the time little or no wind. The tide was running ebb, and the river was greatly obstructed by masses of ice moving down with the ebb tide. No fault was charged upon the Chapman by either party.

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2 [Affirmed by circuit court in Case No. 6,334, and by supreme court in 14 Wall. (81 U. S.) 204.]

Benedict & Benedict, for libelants.
Beebe, Donohue & Cooke, for the Cooper.
Emerson & Goodrich, for the Mabey.

BENEDICT, District Judge. The two vessels proceeded against in this action have interposed separate defences; that of the ship will be first considered. The amended answer, filed in behalf of the ship, sets forth that she left her berth at the Shinbone stores, on the Brooklyn side of the East river, on the day in question, in tow of the tug Mabey; that while being towed successfully, in such a way as to bring her head directly down the river, a ferry-boat sudden'y and improperly crossed the bows of the tug, and, in order to avoid striking the ferry-boat, the tug was necessarily suddenly slowed, whereby the ship, being deprived of her towing power but having headway, shot in toward the piers, and, although both anchors were let go, ran into the Chapman before she could be stopped. And it is insisted that these circumstances make the case one of inevitable accident, for which the Cooper cannot be held liable.

The evidence in support of this defence I have examined with care, and find it vague and unsatisfactory. No witness is able to describe the ferry-boat spoken of, or seems to know where she came from or where she was going. The master of the ship and the pilot in charge are in conflict, as to the course taken by this ferry-boat. No witness is produced from any such ferry-boat, nor from the shore, nor from the tug, who testifies to the presence of any ferry-boat. Furthermore, the answer of the tug, which vessel would be nearest to the ferry-boat and best acquainted with the fact that her headway was stopped by a ferry-boat, if such were the fact, and most interested to give a reason for her stoppage, does not allude to any ferry-boat as causing the disaster or even being present, but distinctly sets forth acts of negligence on the part of the Cooper, which it avers were the sole cause of the collision. Besides this, the original answer of the Cooper herself, filed soon after the occurrence, does not speak of any ferry-boat, but charges the collision to have been caused by an immense field of ice, which it avers caught both ship and tug, and carried them over to the New York side and into the Chapman; while the master of the Cooper, when called, on the day of the collision, to account for its occurrence, assigned no such reason as the presence of a ferry-boat.

In such a posture of the pleadings and evidence, it cannot be held that the collision was the result of a sudden movement of a passing ferry-boat. On the contrary, I am satisfied that the cause of the collision must be held to have been negligence on the part of the ship in undertaking to go to sea, on an ebb tide and in running ice, with a single tug. The condition of the harbor was not an ordinary one. Large masses of ice were moving in it, and at this time of tide in this locality no vessel could move without danger. The Chapman herself, although entirely ready for sea, with her crew on board, and although it was Saturday, remained at her pier because of the dangerous condition of that portion of the harbor.

In the face of a peril clearly to be foreseen, the Cooper set out with a power inadequate to cope with the peril, should it arise. The proof is positive that, if another tug had been alongside of the ship, no disaster would have occurred, and this common precaution should have been adopted by the Cooper. Had she adopted it her course could have been nearer the middle of the river, and any sheer of the ship could have been controlled. The failure to adopt this precaution I consider to have been, under the circumstances, a fault which must render her liable.

No vessel can lay aside extraordinary care, where the circumstances are extraordinary, without making herself liable for any damage that ensues in consequence. Maclachlan, Shipp. p. 281.

The remaining question as to the liability of the tug is not a very material one, inasmuch as it appears, by a stipulation filed in the cause, that the claimants of the ship have assumed the defence of the tug, and undertaken to satisfy any decree which may be rendered against her.

The defence set up by the answer of the tug is not inevitable accident; on the contrary, it sets forth specific acts of negligence on the part of the ship, which alone, it avers, caused the collision. This defence there has been no effort on the part of the tug to prove. In the absence, then, of any testimony to sustain her answer, and upon the evidence in the cause she must be held liable as a co-trespasser with the ship. She was clearly negligent in undertaking, single-handed, to tow a ship like the Cooper in the then condition of the harbor. It is true that it appears in evidence that before setting out she insisted upon a guarantee from the ship to assume all the risk; but this cannot relieve her from liability to an innocent third party whose vessel was injured, in a collision caused by the lack of power in the tug to keep the Cooper in the proper track and off from the piers.

A decree must accordingly be entered against both vessels proceeded against, with a reference to ascertain the amount.

[NOTE. This decree was affirmed by the circuit court in Case No. 6,334. An order was granted (Id. 6,335) directing the libellants to execute the decree against the Helen R. Cooper before proceeding against the R. L. Mabey. The decree of the circuit court was affirmed by the supreme court in 14 Wall. (81 U. S.) 204.]